UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

CLARENCE EUGENE JONES,

        Plaintiff,

    v.

M. ROJAS, LIEUTENANT PAYNTER,
LIEUTENANT HOUSTON, JOHN DOE, M.
FUENTAS, SERGEANT WHITLEY,

        Defendants.

Case No. 2:18-cv-815-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    *Pro se* plaintiff Clarence Eugene Jones, who is currently incarcerated at Snake River Corrections Institution (SRCI), has filed a Complaint against: M. Rojas, law librarian; Lt. Paynter, officer-in-charge of Complex Two during the A.M. shift; Lt. Houston, officer-in-charge of Complex Two during the P.M. shift; John Doe, designee of the functional unit manager/superintendent who reviewed the pre-hearing detention of plaintiff's placement in disciplinary segregation; M. Fuentas, corridor officer in Complex Two; and Sgt. Whitley, Fuentes' supervisor. ECF #1. Plaintiff asserts violations of his First and Fourteenth Amendment rights and seeks monetary damages, including punitive damages, and injunctive relief. *Id.* at 14-15.

1 – OPINION AND ORDER

Plaintiff has filed a Motion to Amend Complaint. ECF #19. In his reply brief to the motion, plaintiff makes certain concessions and clarifies that he is seeking to amend his complaint to include only those allegations asserted on "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6." Reply 7, ECF #33. To the extent that plaintiff seeks to amend his Complaint to include "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6," the motion to amend is granted.[1] Based on plaintiff's concessions, the motion is otherwise denied as moot.

## DISCUSSION

**I.      Rule 15(a)(2) Versus Rule 15(d)**

Federal Rule of Civil Procedure 15(a)(2) governs the filing of amended complaints and provides that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."

Rule 15(d) pertains to supplemental pleadings and provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

A supplemental complaint differs from an amended complaint as it "contains allegations concerning events that occurred *subsequent* to the filing of the original pleading" rather than "allegations concerning events that occurred *prior* to the filing of the original pleading[.]"

---

[1] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. CV–09–2168–PHX–ROS (LOA), 2011 WL 2414543, at *2 (D.Ariz. June 16, 2011) (citations omitted).

*Oregon Natural Desert Association v. U.S. Forest Service*, No. 3:03-CV-00213-PK, 2016 WL 11477037, at *2 (D. Or. March 9, 2016) (emphasis added). Rule 15(d) is intended "to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

At the outset, defendants argue that plaintiff's motion to amend should be construed as a motion to supplement the pleadings pursuant to FRCP 15(d). Resp. 2, ECF #31. In his reply, plaintiff agrees that to the extent he seeks to supplement his complaint to include actions that occurred after the filing of his complaint, FRCP 15(d) applies. Reply 2, ECF #33.

Plaintiff also acknowledges that joinder of defendants and factual claims proposed in his motion "from page 24 lines 7-26 to page 53 line 21" would be error, and that he will be filing "several separate actions." *Id.* at 7. However, plaintiff asks the court to allow him to proceed on those claims asserted from "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6." *Id.* at 7.

## II. Rule 12(a)(2) applies to plaintiff's remaining amendments.

Because the amendments on "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6" pertain to events that predate the filing of the complaint, Rule 15(a)(2) applies in assessing plaintiff's motion to amend. And, for the reasons discussed below, those amendments are allowed.

### A. Allegations in Complaint

The claims in plaintiff's Complaint, filed on May 10, 2018, stem from his placement in disciplinary segregation on August 14, 2017, after he sent kytes to prison staff regarding their failure to issue misconduct reports to inmates who did not appear for their reserved times in the law library "without good[,] legitimate reasons." Compl. 3. Plaintiff complained that failing to

hold inmates accountable "worked to the advantage of the State of Oregon by having a constitutionally mandated slot/seat at the law library vacant with no consequences." *Id.* at 4. Plaintiff "additionally opined that prison officials were the most two faced people on the planet Earth dealing in human trafficking," *id*. at 4, and said, "Oh please keep my business away from your workers[,] it can turn out bade [sic] for you! and get them fired!  heads up!  but of course you can do what you choose!" *Id.*, Ex. A.  Plaintiff was charged with Disrespect I, Rule 2.10, and Lt. Paynter ordered plaintiff placed in holding status for disciplinary segregation because: "Experience has shown that disrespect towards staff directly challenges the authority of the staff member, creating a threat to the security of the institution." *Id.*  On August 21, 2017, the hearings officer ultimately found "it is reasonable to conclude the inmate was threatening a lawsuit, and not a physical threat directed at Ms. Rojas," and assessed no rule violation for Disrespect I. *Id.*, Ex. B.

Plaintiff contends that, the following morning, Lt. Paynter told him to "fuck off" and when he was speaking with other individuals who witnessed the event, Lt. Paynter "injected himself into the conversation" and told him, "You get your ass out of here." *Id.* at 10-11. Plaintiff alleges that, in retaliation, he was given a misconduct report and an eight-hour cell-in for taking a long breakfast and lunch. *Id.* at 12; *see id.*, Ex. D.

Plaintiff further alleges that on November 9, 2017, Rojas retaliated against him by removing him from the law library for passing a note to another inmate.  Compl. 13.  He also briefly mentions that Rojas denied him paper to prepare his civil rights complaint. *Id.* at 19.

Plaintiff asserts that defendants Rojas, Lt. Paynter, Lt. Houston, and John Doe have "deprived and conspired to deprive [him] of [his] right to freedom of speech and expression, access to court and redress of grievance and due process of law in violation of" his rights under

the First and Fourteenth Amendments. *Id*. 14. He contends that defendants Fuentas and Sgt. Whitley have "deprived [him] of his freedom of speech and expression, and redress of grievance in violation of" the First Amendment. *Id.* He seeks monetary damages, including punitive damages, and injunctive relief. *Id.* at 14-15.

### B. Proposed Amendments

As noted, plaintiff seeks leave to amend his complaint to include the allegations asserted in "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6." Reply 7. For the most part, plaintiff recites the same allegations that he asserted in his Complaint. He also elaborates on his claim that he was denied paper to file a civil rights complaint stemming from those allegations.

Plaintiff contends that prior to September 1, 2017, Rojas had provided him with pleading paper to use in preparing his legal documents. ECF #19-1, at 20. However, plaintiff claims that on September 15, 2017, Rojas knew she would be a defendant in the civil rights action he was pursuing, and refused to provide him with pleading paper. *Id.* at 20-21. Plaintiff contends that defendants Bill Doman, H. MacKenzie, Brad Cain, and Mark Nooth have supervisory authority over Rojas and, through unwritten rule, granted Rojas unfettered discretion to deny him pleading paper. *Id.* at 22-23. He also contends that defendant Andre Johnson advised Rojas that she was correct in denying his request for pleading paper, and acted in conspiratorial concert with Rojas to retaliate against him. *Id.* at 23. Plaintiff contends that defendants acted "arbitratrily without any legitimate penological interest, placing chilling effect on plaintiff's right to redress of grievance, access to court in violation of plaintiff's First Amendment rights under the United States Constitution." *Id.* at 24.

### 3. Rule 15(a)(2) Analysis

Because the amendments contained on "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6" contain allegations of conduct that occurred before plaintiff filed his original complaint on May 10, 2018, plaintiff's motion is properly examined under Rule 15(a)(2).

As previously noted, Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Such leave should be "freely given" if there are no apparent or declared reasons such as "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [and] futility of amendment, etc." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). Prejudice is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Here, plaintiff filed his motion to amend six months after filing his Complaint, and over one year after the events at issue transpired. However, there is no evidence that plaintiff has engaged in bad faith or had a dilatory motive. Plaintiff also has not failed to cure deficiencies in previously-allowed amendments, and there is no indication that the amendments would be futile. While, defendants may incur some prejudice, the allegations in "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6" are so closely intertwined with the claims asserted in plaintiff's original Complaint, this court cannot conclude that defendants will be unduly prejudiced.

# CONCLUSION

For the reasons set forth above, plaintiff's Motion to Amend Complaint (ECF #19) is granted to the extent that, as plaintiff asserts in his reply, he seeks to include the new allegations set forth on "page eight lines 8 through twenty-six (26) to page twenty-four (24), lines 1 through 6" against the previously named defendants and additional defendants Bill Doman, H. MacKenzie, Brad Cain, Mark Nooth, and Andre Johnson. Based on the concessions contained in plaintiff's reply, the motion is otherwise denied as moot.

Rather than requiring plaintiff to file another handwritten complaint, the Clerk of the Court is directed to detach plaintiff's First Amended Complaint (ECF #19-1) and file it. Pursuant to plaintiff's concessions, pages 24 lines 7-26 to page 53 line 21 are stricken from the First Amended Complaint, as well as any references to those claims and defendants to the extent they are solely referenced on those stricken pages.

Discovery on the remaining claims shall be concluded within 90 days of this order. The deadline to amend pleadings and join parties, including identifying any Doe defendants, shall also be by that date. Dispositive motions, if any, shall be filed 30 days thereafter. Plaintiff's Motion to Expedite Decision (ECF #38) is denied as moot.

DATED June 21, 2019.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge