IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CLARENCE EUGENE JONES,

    Plaintiff,

    v.

M. ROJAS, et al.,

    Defendants.

Case No. 2:18-cv-00815-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

    Plaintiff, an adult in custody at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for Leave to File Amended Complaint [152]. For the reasons that follow, the motion should be DENIED.

### PROCEDURAL BACKGROUND

    Plaintiff filed his Complaint [1] on May 10, 2018. On November 26, 2018, plaintiff filed a Motion for Leave to File an Amended Complaint [19]. The court issued an Opinion and Order [45] granting plaintiff's motion, and plaintiff's Amended Complaint [46] was filed on June 21, 2019.

1 - FINDINGS AND RECOMMENDATION

On July 1, 2019, Chief District Judge Marco A. Hernández issued an Order [51] dismissing plaintiff's Amended Complaint in part, and granting plaintiff leave to file a Second Amended Complaint within 30 days. The time for plaintiff to file an Amended Complaint was subsequently extended to August 12, 2019. On August 12, 2019, plaintiff filed a Motion to Supplement Complaint [60] with a proposed Second Supplemental Complaint attached. On September 20, 2019, plaintiff filed a Motion to Supplement/Correct Second Supplemental Complaint [71]. On September 30, 2019, this Court issued Findings and Recommendation [74], recommending that plaintiff's motion be granted in part and denied in part. After several extensions of time and amendments to plaintiff's objections, on December 23, 2019, Chief District Judge Hernández issued an Order [97] adopting the Findings and Recommendation, and on that date, plaintiff's Second Supplemental Complaint [98] was entered in the docket.

On July 30, 2020, plaintiff filed yet another Motion for Leave to File Amended Complaint [130]. On August 7, 2020, plaintiff filed a Motion to Supplement [132] his motion to amend. On August 20, 2020, plaintiff filed a Motion for Order Granting Plaintiff to Resubmit Motion to Amend Complaint with Attached Proposed Amended Complaint, Exhibits, Appendixes, Unsworn Declarations, and Affidavit [137], a Motion to Strike [138] his July 30, 2020 Motion for Leave to File Amended Complaint, and yet another Motion for Leave to File Amended Complaint [139]. On September 17, 2020, the court issued an Order [150] granting plaintiff's August 20, 2020 Motion for Leave to Amend. Plaintiff's Amended Complaint [151] was entered that date.

On September 21, 2020, plaintiff filed the present Motion for Leave to File Amended Complaint [152], and on September 24, 2020, plaintiff filed a Motion to Strike [156] his August 20, 2020 Motion for Leave to Amend that the court previously granted.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) governs amendments and provides that "[t]he court should freely give leave when justice so requires." "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing FED. R. CIV. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (emphasis added). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

The court need not apply all five factors in each case, and not all factors merit equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).

Where a district court has previously granted a plaintiff leave to amend, its discretion in denying subsequent motions to amend is "particularly broad." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

3 - FINDINGS AND RECOMMENDATION

## DISCUSSION

### I. Prejudice

Plaintiff's original claims center on allegations that defendants denied him due process and infringed on his First Amendment rights by interfering with his freedom of expression, denying him access to the courts, and refusing him any remedy through the grievance review process. Plaintiff now seeks leave to file a fourth amended complaint adding a new claim of equal protection. Defendants object, noting that they have already spent substantial resources over a two-year period to conduct discovery on the basis of plaintiff's original complaint and first-through-third amended complaints.

In determining whether a defendant has been prejudiced, the court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation." *Netbula, LLC v. Bindview Dev. Corp.*, No. C06 00711 MJJ, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007); *see also Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (finding Mobil would suffer prejudice if Ascon was allowed to amend complaint at late date, because it had already incurred substantial litigation costs; putting Mobile "'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,' would cause undue prejudice") (internal citations omitted)).

"One indicator of prejudice includes the need to reopen discovery." *Hunting v. Xium Corp.*, No. 1:10-cv-01844 AWI, 2012 WL 913733, at *3 (E.D. Cal. Mar. 16, 2012) (citing *In re Fritz Cos. Secs. Litig.*, 282 F.Supp.2d 1105, 1109 (N.D. Cal. 2003)). "A need to reopen

4 - FINDINGS AND RECOMMENDATION

discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Nguyen v. Saxon Mortg. Servs., Inc.*, No. CV-10-353-HZ, 2011 WL 2600998, at *3 (D. Or. June 30, 2011) (finding defendant would be prejudiced by allowing plaintiff to amend because plaintiff's new legal theories and allegations would require the reopening of discovery).

Here, discovery has been ongoing for two years and the discovery deadline is scheduled to expire on March 29, 2021. Allowing plaintiff to amend the complaint to add a new legal theory at this late date will no doubt result in prejudice to defendants.

It is true that "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). However, as discussed below, plaintiff's proposed amendment has been unreasonably delayed, a factor that compounds the prejudice to defendants.

## II.     Undue Delay

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 08-cv-01086-AWI(SMS), 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. "Late amendments to

assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (internal quotation marks omitted).

Here, plaintiff does not explain why he did not previously include an equal protection claim in his case, except to say that while conducting research for another case in which he is a plaintiff, he "learned that case authority would allow" him to assert the equal protection claim at issue. Plaintiff's failure to research and assert his new claim until more than two years after filing his initial complaint is not a reasonable basis for delay.[1]

In sum, plaintiff's motion to amend should be denied based on prejudice to defendants and plaintiff's undue delay in seeking to amend the complaint.

## RECOMMENDATION

Plaintiff's Motion for Leave to File Amended Complaint [152] should be DENIED.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

---

[1] The court notes that plaintiff is a seasoned and accomplished litigator, having filed some 25 civil rights cases in this district over the past three decades. And, in at least one of those cases, he asserted an equal protection claim. *Jones v. Williams*, 791 F.3d 1023, 1036 (9th Cir. 2015).

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 23rd day of February, 2021.

          /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge