IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLARENCE EUGENE JONES, | No. 2:18-cv-00815-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| G. FUENTAS, in his official and individual capacity as Corridor Officer at Complex Two Snake River Correctional Institution, | |
| Defendant. | |

Clarence Eugene Jones
10 North Weidler Street
Apt 430
Portland, OR 97227

    Plaintiff, *Pro Se*

Ian Van Loh
Oregon Department of Justice
100 S.W. Market Street
Portland, OR 97201

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on Plaintiff's Motion for Change of Venue. ECF 266. For the reasons that follow, the Court denies Plaintiff's Motion and dismisses this case.

## BACKGROUND

On May 10, 2018, Plaintiff filed this *pro se* prisoner[1] civil-rights action in the Pendleton Division against several Defendants alleging violations of his First and Fourteenth Amendment rights during his incarceration at Snake River Correctional Institution ("SRCI"). Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims.

On March 22, 2022, Magistrate Judge Youlee You issued Findings and Recommendation in which she recommended the Court grant in part and deny in part Defendants' Motion. The Court adopted the Findings and Recommendation. As a result of the March 2022 Findings and Recommendation and earlier motions practice, the sole remaining claim was against Defendant Officer George Fuentes for retaliation in violation of Plaintiff's First Amendment rights.

On March 6, 2023, the Court held a Rule 16 conference and set trial to begin on June 13, 2023 in Pendleton, Oregon. On April 20, 2023, the Court held a telephone conference to confirm trial remained set to begin in Pendleton on June 13, 2023.

The parties' first wave of trial documents was due May 8, 2023. Plaintiff did not file any documents. The Court contacted Plaintiff and advised him that his documents were due and directed him to file at least his first wave of trial documents no later than May 16, 2023.

The parties' second wave of trial documents were due May 16, 2023. Plaintiff did not file any documents. On May 17, 2023, the Court held a telephone conference to discuss Plaintiff's

---

[1] Plaintiff has been released and is no longer incarcerated.

failure to file trial documents and to determine if trial would go forward. Plaintiff did not attend the conference call and the Court was unable to reach Plaintiff when it attempted to telephone him during the conference. Accordingly, the Court set an in-person conference on May 23, 2023, to discuss Plaintiff's continuing failure to comply with Court orders.

On May 23, 2023, Plaintiff filed a Motion for Change of Venue in which he requested the Court transfer this matter to the Portland Division. At the May 23, 2023 hearing Plaintiff explained that he does not have sufficient funds to travel to Pendleton for the duration of the trial. Accordingly, Plaintiff agreed that if the Court denied Plaintiff's Motion for Change of Venue, the Court should also dismiss this action. Plaintiff, however, noted that he intends to appeal the March 22, 2022, Findings and Recommendation and this Court's adoption of the Findings and Recommendation after a judgment is entered.

Defendant filed a Response to Plaintiff's Motion on May 24, 2023, in which Defendant opposed a change of venue. On May 25, 2023, the Court issued an Order in which it denied Plaintiff's Motion for Change of Venue with an Opinion and Order to follow.

## STANDARDS

28 U.S.C. § 1404(b) provides: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which it is pending to any other division in the same district." "When considering a motion to transfer within a federal district under § 1404(b), courts analyze the same factors as for a transfer between districts under § 1404(a)." *USI Ins. Servs., LLC v. Aitkin*, No. 2:21-CV-00267-HZ, 2022 WL 3974535, at *1–2 (D. Or. Sept. 1, 2022)(citing *Dooley v. Nevada Gold Mines, LLC*, No. 2:21-cv-00420-GMN-DJA, 2022 WL 867265, at *2 (D. Nev. Mar 23, 2022)).

3 – OPINION & ORDER

28 U.S.C. § 1404(a) authorizes courts to transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought[.]" "District courts have discretion to grant or deny motions to transfer based on an 'individualized, case-by-case consideration of convenience and fairness.'" *USI*, 2022 WL 3974535, at *2 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(citation omitted)). "In each case, courts must weigh multiple factors to determine whether transfer is appropriate." *Id.* "Courts may consider: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations.'" *Id.* (quotation omitted).[2] *See also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (listing the following factors as relevant to a motion to transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof"). "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." *Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-NONE-SKO, 2020 WL 4734909, at *3 (E.D. Cal. Aug. 14, 2020)(citation omitted). "'No

---

[2] In addition to the above considerations, in order for transfer of venue to occur, "the transferee court must have subject matter jurisdiction and . . . defendants must be subject to personal jurisdiction in the district, and be amenable to service of process there." *B&G Foods N. Am., Inc. v. Embry*, No. 2:20-CV-00526-KJM-DB, 2020 WL 3605070, at *2 n.1 (E.D. Cal. July 2, 2020) (citing *A.J. Industries, Inc. v. U.S. District Court for Central Dist. of Cal.*, 503 F.2d 384, 386–88 (9th Cir. 1974)). Personal and subject matter jurisdiction are not in dispute here. The Court, therefore, need only consider the § 1404(a) factors to resolve the motion.

4 – OPINION & ORDER

single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis.'" *Id.* (quoting *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *5 (N.D. Cal. Feb. 3, 2017)).

The moving party bears the burden to show transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)), opinion modified, 828 F.2d 1445 (9th Cir.1987).

## DISCUSSION

### I. Changed Circumstances

Because Plaintiff filed the Motion for Change of Venue the Court first evaluates whether changed circumstances exist. As one court explained:

> When a plaintiff seeks to transfer venue from the district the plaintiff initially chose, some courts require that the plaintiff show a change in circumstances since the filing of the complaint. The Ninth Circuit has not explicitly addressed this issue or adopted a standard stating that a plaintiff must show changed circumstances. . . . However, as stated by the court in *B&G Foods North America, Inc. v. Embry*, No. 2:20-cv-00526-KJM-DB, 2020 WL 3605070, at *2 (E.D. Cal. July 2, 2020)(collecting cases), district courts in the Ninth Circuit "routinely apply such a standard where a plaintiff attempts a transfer away from its initial venue selection." This is because, if courts did not require a plaintiff to show changed circumstances, "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges." *Id.* (quoting *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 48532945, at *6 (D. Or. Oct. 8, 2010)). Thus, plaintiff's new venue choice in the context of a motion to transfer should be examined "with a critical eye." *B&G Foods*, 2020 WL 3605070 at *4.

*Green Aire*, 2020 WL 4734909, at *3–4.

This matter was venued in Pendleton pursuant to Local Rule 3-2[3] because at that time Plaintiff was incarcerated at SRCI, which is located in Malheur County, Oregon. Plaintiff has

---

[3] Local rule 3-2 provides: "The following divisions of court . . . are established to identify divisional venue. . . . Pendleton Division . . . Malheur" County.

5 – OPINION & ORDER

since been released and resides in Portland, Oregon. There is not any indication that Plaintiff moved to transfer venue in an attempt at forum shopping. The Court, therefore, concludes Plaintiff has established sufficiently changed circumstances exist for the Court to consider his request to transfer venue.

**II.     Venue Analysis**

Defendant asserts, and the Court agrees, that several of the § 1404(a) factors are not relevant to Plaintiff's request to change venue. For example, which forum's law applies, administrative considerations, the location where the relevant agreements were negotiated and executed, the state that is most familiar with the governing law, the location of books and records, and the availability of compulsory process to compel attendance of unwilling non-party witnesses are not implicated by a transfer of this matter to the Portland Division. In addition, Defendant notes in its Response that the litigation costs "will not substantially change based on trial location and access to records will not be impacted." Def.'s Resp. at 7. As a result, the only factors that are immediately relevant to the issue are convenience of the parties and convenience of the witnesses.

**A.     Convenience of Parties**

In evaluating the convenience of parties, the Court considers the parties' contacts with the forum and the contacts relating to Plaintiff's claims in the chosen forum. *Jones*, 211 F.3d at 498.

Defendant asserts and Plaintiff does not contest that the only connection to the Portland Division in this matter is Plaintiff's current residence. The record reflects that all of facts giving rise to this case occurred at SRCI. In addition, Defendant Fuentes lives and works in or around Ontario, Oregon, which is located approximately 375 miles from the Portland

6 – OPINION & ORDER

Division. Fuentes has no contacts with the Portland Division and attending trial in Portland would require Fuentes to travel an extensive distance to appear for trial.

As to Plaintiff's lack of funds, courts have held that "financial hardship is not a factor that must be weighted more heavily than other considerations. Indeed, the relative means of the parties is not a factor enunciated by the Ninth Circuit that must be considered by the court in determining whether transfer is warranted under section 1404(b)." *Partney Const., Inc. v. Ducks Unlimited, Inc*., No. 08-574-SU, 2008 WL 4838849, at *2 (D. Or. Nov. 3, 2008)(citing *Decker Coal Co. v. Commw Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986)). Accordingly, Plaintiff's financial situation is not to be considered more heavily than the other factors.

On balance the inconvenience to Fuentes if venue is transferred is at least equal to the inconvenience to Plaintiff if it is not transferred. This factor, therefore, neither favors nor disfavors a transfer of venue.

B.  **Convenience of Witnesses**

"The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate." *USI Ins. Servs*., 2022 WL 3974535, at *3. Defendant intends to call as witnesses Officer Russell Freitag and Lieutenant Mark Paynter, each of whom observed the events and statements underlying Plaintiff's remaining claim. Both witnesses reside at the far eastern edge of the Pendleton Division and requiring these non-party witnesses to travel approximately 375 miles to Portland would greatly increase their overall travel time and expense. Defendant points out that while the witnesses' appearance at trial in the Pendleton Division could be reasonably accomplished in a day trip, transfer of this matter to Portland Division would require these witnesses to make arrangements for overnight accommodations. Defense counsel also notes he is unsure whether "attendance at a trial in

Portland is even feasible for these witnesses, one of whom has a new infant." Def.'s Resp. at 6. This factor, therefore, weighs against transferring this matter to the Portland Division.

Of the two relevant factors one is neutral and the other weighs against transferring this matter to the Portland Division. In addition, this case has been venued in Pendleton for five years; Plaintiff was released from custody on October 8, 2021; and on October 14, 2021, he filed a Notice of Change of Address which indicated he resided in Portland, Oregon. Plaintiff, however, did not file a request to change venue for nearly 19 months after he moved to Portland. Although Plaintiff's delay in bringing his Motion to Change Venue is not dispositive "it is common sense that the party seeking a change of venue should act with reasonable promptness," and Plaintiff did not do so here. *Cisco Sys., Inc. v. Dexon Computer, Inc.*, No. 20-CV-04926-CRB, 2023 WL 3032061, at *4 (N.D. Cal. Apr. 21, 2023)(citation omitted).

On balance, the Court concludes that the relevant considerations under § 1404(a) in combination with Plaintiff's failure to request a change of venue timely disfavor transfer of this matter to the Portland Division. Accordingly, the Court denies Plaintiff's Motion to Change Venue.

### III. Dismissal

As noted, at the May 23, 2023 hearing Plaintiff agreed that if the Court did not grant his Motion to Change Venue, the Court should dismiss this case. Because the Court denies Plaintiff's Motion to Change Venue and Plaintiff said he would not attend trial if it was in Pendleton, the Court dismisses this matter for failure to prosecute. *See Tuando v. Prosser,* 352 F. App'x 213, 214 (9th Cir. 2009)(approving dismissal for failure to prosecute under similar circumstances); *Drayton v. Eastlink Prods.,* 2:17-cv-06408 VAP (PJWx), 2019 WL 12536544, at

*1 (C.D. Cal. May 30, 2019)(same), aff'd sub nom. *Drayton v. Rinaldo, No.* 19-55765, 2022 WL 1451393 (9th Cir. May 9, 2022).

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion for Change of Venue, ECF 266, and DISMISSES this matter. All pending motions are denied as moot.

IT IS SO ORDERED.

DATED: May 30, 2023 .

MARCO A. HERNÁNDEZ
United States District Judge